644 So.2d 189 (1994)
John ADAMS et al.
v.
DEATON, INC. et al.
No. 94-CC-2360.
Supreme Court of Louisiana.
October 14, 1994.
Denied.
*190 LEMMON, J., concurs with reasons.
WATSON, J., concurs for reasons assigned by LEMMON, J.
DENNIS, J., not on panel.
LEMMON, Justice, Concurring in the Denial of the Application for Certiorari.
In most jurisdictions, disqualification of judges is governed by canons of judicial conduct. The Code of Judicial Conduct, adopted by the Supreme Court of Louisiana in 1976, does not address disqualification of judges. Canon 3 C states that the recusation of judges is governed by law. The Code of Civil Procedure provides in pertinent part:
B. A judge of any court ... may be recused when he
. . . . .
(4) Is the spouse of a party, or of an attorney employed in the cause; or is related to a party, or to the spouse of a party, within the fourth degree; or is related to an attorney employed in the cause; or to the spouse of the attorney, within the second degree; (emphasis added).
La.Code. Civ.Proc. art. 151 B(4). The Code does not further define "an attorney employed in the cause."
Canon 3 E(1) of the Model Code of Judicial Conduct (1990) requires a judge to disqualify himself when his impartiality may reasonably be questioned. The Canon further lists instances in which a judge's impartiality may reasonably be questioned, providing in part as follows:
E. Disqualification.
(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
. . . . .
(c) the judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent or child wherever residing, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding;

(d) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(i) is a party to the proceeding, or an officer, director or trustee of a party;
(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding. (emphasis added).
Of the enumerated situations in which a judge's impartiality may reasonably be questioned, Canon 3 E(1)(d)(ii) provides for disqualification when the judge or judge's spouse (or certain other relatives) "is acting as a lawyer in the proceeding." Canon 3 E(1)(d)(iii) further requires disqualification when the judge or judge's spouse (or certain other relatives) "is known by the judge to have more than de minimis interest that could be substantially affected by the proceeding."
When the judge's relative is acting as a lawyer in the proceeding, Canon 3 E(1)(d)(ii) obviously requires disqualification. On the other hand, Canon 3 E(1)(d)(ii) clearly does not, by itself, require disqualification when the judge's relative is a member or associate of a law firm in the proceeding, but the relative is not acting as a lawyer in the case. The Commentary to Canon 3 E(1)(d) emphasizes this conclusion by stating that "[t]he fact that a lawyer in the proceeding is affiliated with a law firm in which a relative of the judge is affiliated does not of itself disqualify the judge." More is required for disqualification than mere affiliation of the judge's relative with the firm.
Canons 3 E(1)(d)(ii) and (iii) could be viewed together to require disqualification under certain circumstances, but not under others. For example, if the judge's relative *191 is a member of a two-person law firm in a case in which the firm stands to earn a $1,000,000 contingency fee, then disqualification is clearly required. On the other hand, if the judge's relative is a new associate in a ninety-person law firm in a case in which the firm stands to earn a fee of $1,000, disqualification clearly is not required. The Commentary to Canon 3 E(1)(d) expresses this consideration as follows:
Under appropriate circumstances, the fact that ... the relative is known by the judge to have an interest in the law firm that could be "substantially affected by the outcome of the proceeding" under Section 3 E(1)(d)(iii) may require the judge's disqualification.
In Reilly v. Southeastern Pennsylvania Transp. Auth., 507 Pa. 204, 489 A.2d 1291 (1985), the court held that disqualification may be required under Canon 3 C(1)(d)(ii) only if the relative attorney is actually representing the party in the case before the judge. The court noted that if the relative is only affiliated with a law firm which represents a party in the case, disqualification is not specifically required under Canon 3 C(1)(d)(ii), but may be suggested under Canon 3 C(1)(d)(iii).
Other factors may be appropriate for consideration, such as the status of the judge's relative as a partner or an associate, the prominence of the judge's relative's name in the firm name, the size of the court, the size of the community, the frequency of the firm's appearance in the judge's court, and others.
In my opinion, the recusal issue in the present case is not even close. The son of the judge sought to be recused is an associate in a large firm in the largest metropolitan area of the state. The firm is defending, for a foreign corporation and presumably for an hourly fee, an action arising out of a truck-train collision in which the corporation's truck allegedly caused herbicide to be spilled into a drainage canal. The judge's relative did no work whatsoever in the case and was totally unaware of the case until the motion to recuse was filed. He has never represented this defendant before, and has worked only occasionally on other cases with lead counsel in this case.
The judge who refused to recuse the challenged judge therefore had a solid basis for deciding that the challenged judge's relative did not have an interest that could be substantially affected by the outcome of the proceeding. The refusal to recuse was correct.